UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL POSTIER,<br><br>        Plaintiff(s),<br><br>   v.<br><br>LOUISIANA-PACIFIC CORP.,<br><br>        Defendant(s).<br>_____/ | No. C-09-3290 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE [Docket Nos. 7 and 13]** |

## I.  INTRODUCTION

On Friday, October 9, 2009, Defendant Louisiana Pacific Corporation's Motion to Dismiss and Motion to Strike, and Plaintiff Carol Postier's Motion to Strike came on for hearing. For the reasons stated below, the Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Plaintiff's Motion to Strike is GRANTED IN PART AND DENIED IN PART.

## II.  BACKGROUND

### A.  Facts[1]

The present class action Complaint was filed by Plaintiff Carole Postier (hereafter "Plaintiff") on behalf of herself an other similarly-situated consumers "who own decking products manufactured warranted, advertised, and sold by Louisiana-Pacific" (hereafter "Defendant"). Complaint at ¶1. Plaintiff alleges that Defendant's decking products are defective because they discolor and deteriorate prematurely, causing the boards to weaken and break "and are substantially

---

[1] The Court assumes the allegations in the complaint to be true for the purposes of this motion. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996)(on motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume the facts alleged in the complaint are true).

certain to fail well before their warranted and expected useful life." *Id.* ¶ 2. Defendant warranted its composite decking materials with a ten year warranty. *Id.* ¶20. Defendant manufactured its defective products since January 1, 2005. *Id.* ¶3. Plaintiff alleges that "Plaintiff and Class Members justifiably relied on Louisiana-Pacific's false representations regarding the quality of the aforementioned decking materials and reasonably and justifiably relied upon Defendant's representations to them in the decision to purchase these products." *Id.* ¶21.

In August 2008, Defendant issued a "product Advisory for decking products sold from its Meridian, Idaho plant after January 1, 2005, because the products can prematurely degrade and break, posing a risk of injury." *Id.* ¶11. Thereafter, "a deck breakthrough that caused injury" resulted in Defendant having to report the inherent defects in its decking products to the Consumer Products Safety Commission ("CPSC"). *Id.* ¶12. On May 13, 2009, Defendants announced a recall of their decking products marketed under the WeatherBest and LP WeatherBest label. *Id.* ¶¶3, 12. Consumers were instructed to contact Defendants for an inspection. *Id.* ¶4. Plaintiffs allege, however, that the recall is defective and misleading because consumers who participate in the recall inspections "are being routinely denied free replacement of defective decking." *Id.*

Plaintiff is a citizen of California, and Defendant is incorporated in Delaware and has its principal place of business in Nashville, Tennessee. *Id.* ¶6. Plaintiff purchased her decking material in September 2006 for $2,500.00. *Id.* ¶5. Plaintiff constructed her deck from these materials at an additional cost of $2,575.00. *Id.* In February 2009, her deck began showing signs of cracking and discoloration. *Id.* Plaintiff participated in the recall program and Defendant's expert inspected the deck and confirmed the existence of the defects. *Id.* As a result of that inspection, Plaintiff alleges that Defendant offered her only $48.00 in exchange for a waiver of liability. *Id.*

**B.     Procedural Background**

On July 17, 2009, Plaintiff filed this class action Complaint in federal court. In the Complaint, Plaintiff asserts seven claims: 1) Violation of the Consumer Legal Remedies Acts, Cal. Civ. Code § 1750 *et. seq*. ("CLRA"); 2) Violation of Cal. Bus. & Prof. Code §§ 17200 & 17500 *et. seq.* (the "Unfair Business Practices Act"); 3) Breach of Express Warranty; 4) Breach of Implied Warranty; 5) Negligent Misrepresentation and Omission; 6) Intentional Misrepresentation and

2

Omission; and 7) Unjust Enrichment. In her prayer for relief, Plaintiff seeks general and punitive damages, "statutory damages" as well as attorneys' fees and costs. Defendant subsequently filed the present Motion to Dismiss and to Strike. Thereafter, Plaintiff filed a Motion to Strike the Declaration of Frank Kennamer. Defendant opposes the Plaintiff's Motion to Strike.

### C. The Motions

#### 1. The Motion to Dismiss

Defendant asserts that Plaintiff fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure as to the damages claim in Claim One (Consumer Legal Remedies Act "CLRA") and as to Claim Four (breach of implied warranty). In the alternative, Defendant moves pursuant to Rule 12(f) to strike the damages request in Claim One.

With respect to Claim One, Defendant asserts first that Plaintiff's allegations establish that she failed to provide proper notice in compliance with the statute. Second, Defendant argues that Plaintiff is barred from seeking damages on this claim under Civil Code §1782, which prohibits an individual action for damages "if an appropriate correction, remedy, repair, replacement or other remedy is given or agreed to be given[.]" In addition, Defendant argues that Plaintiff's class action seeking damages on this claim is barred for the same reason, citing Civil Code § 1782(c) (similar provision regarding correction, replacement or repair remedies). Defendant argues that Louisiana-Pacific's ("LP") recall of its decking materials (*see* Complaint ¶¶ 12 & 23) satisfies the requirements of Civil Code § 1782(c). Accordingly, Defendant argues that Plaintiff cannot prevail on this claim.

As to Claim Four, Defendant argues that Plaintiff does not allege that she purchased her LP decking material directly from LP. The allegation of the complaint is that she purchased LP decking material, without reference to the seller. Defendant argues that privity of contract is required under California law in order to establish a breach of implied warranty claim and that no exceptions to that rule exist here. Defendant also argues that leave to amend would be futile because Plaintiff cannot allege that she purchased it directly from LP because LP does not sell its decking materials directly to consumers. Plaintiff responds that there is legal precedent for the argument that the privity requirement can be "relaxed" when an express warranty claim is also filed. Defendant argues that

3

1 the case cited by Plaintiff is inapplicable here, and does not stand for the broad proposition advanced
2 by Plaintiff.

### 2. Plaintiff's Motion to Strike

Plaintiff has filed a Motion to Strike the Declaration of Frank Kennamer on the grounds that it contains matters that are "inadmissible hearsay, irrelevant, speculative, conclusory, lack foundation, and offer disputed facts that contradict the allegations set forth in Plaintiff's Complaint." Plaintiff's Motion at 2. The crux of Plaintiff's argument is that this declaration improperly contradicts factual allegations of the Complaint regarding the efficacy of the recall program. In opposition to Plaintiff's Motion to Strike, Defendant argues that the Kennamer declaration merely seeks to authenticate three documents, two of which were explicitly referenced in the Complaint and one document whose subject matter is referred to in the Complaint. Specifically, the declaration authenticates materials printed from the recall website established by Defendant and letters between counsel regarding the recall. The website materials are attached to the Kennamer Declaration as Exhibit 1. The website is specifically referenced in paragraph 23 of Plaintiff's Complaint. The CLRA notice letter referred to by Plaintiff at paragraph 60 of her Complaint is attached to the Kennamer Declaration as Exhibit 2. Exhibit 3 is a letter from Mr. Kennamer, counsel for Defendant, to Plaintiff's counsel in response to the CLRA notification.

## III. ANALYSIS

### A. The Motion to Dismiss

#### 1. Legal Standard

A complaint may be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P 12(b)(6). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Incl v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotations omitted; emphasis in original).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65. For purposes of resolving the motion, courts accept all allegations of material fact as true and construe the complaint in the light most favorable to the nonmoving party. *Nat'l Wildlife Fed'n v. Espy*, 4 F.3d 1337, 1380 (9th Cir. 1995).

### 2. Claim One (CLRA) for Damages

#### a. Section 1782(a)'s Notice Requirement

Defendant contends that Plaintiff is barred from seeking damages under the CLRA due to the fact that she did not comply with the statutory notice requirement. Because Plaintiff "unambiguously seeks damages for violations of the CLRA," the damages claim must be dismissed. Def.'s Reply Brief at 2. The Court disagrees.

Under the CLRA, a Plaintiff is required to provide notice to the Defendant of the alleged violation of the CLRA and a demand that the violation be remedied. Civil Code § 1782(a). Section 1782(a) provides:

> Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
>
> 1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770;
>
> 2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770. . . .

Cal. Civ. Code § 1782(a). It is well-established under California law that this notice requirement must be literally applied. *Outboard Marine Corp. v. Superior Court*, 52 Cal.App.3d 30, 38-41 (1975). In *Outboard Marine*, the court explained:

> The purpose of the notice requirement of section 1782 is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements. . . . The clear intent of the act is to provide and facilitate precomplaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished. This clear purpose may only be accomplished by a literal application of the notice provisions.

*Outboard Marine* at 41. A complaint seeking injunctive relief is not subject to the notice requirement of section 1782(a). Section 1782(d) provides that an "action for injunctive relief . . .

may be commenced without compliance with subdivision (a)." Section 1782 specifically states that the notice requirement applies to an "action for damages." 1782(a).

This argument is now moot, as the parties agreed at oral argument that the thirty (30) day waiting period has passed. Plaintiff may amend her Complaint to add a claim for damages under the CLRA.

### *b.  Defendant's Recall*

Defendant argues that Plaintiff's damages claim is prohibited on an alternate ground – that Civil Code § 1782(b) prohibits a consumer action for "damages" under the CLRA "if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time to the consumer within 30 days after receipt of the notice." Defendant argues that Plaintiff explicitly acknowledges the recall in the Complaint (*see* ¶ 23), including the allegation that Plaintiff has made a claim under Defendant's recall program. Defendant argues that Plaintiff may not maintain an individual damages claim under the CLRA because her own allegations establish that Defendant has agreed to the "correction, repair, replacement, or other remedy." Def.'s Motion at 7. Defendant argues that "Plaintiff cannot circumvent the protection of Section 1782(c), and create a claim for damages, by refusing to cooperate with the process through which LP has agreed to provide a remedy." Def.'s Motion at 8.

Defendant's argument is unpersuasive. First, whether the recall has provided Plaintiff with a suitable remedy and whether it was done so within a reasonable time is in dispute and cannot be decided on a 12(b)(6) motion. Plaintiff alleges in her Complaint that after participating in the recall program, she received an offer of $48.00 for approximately $2,500.00 worth of decking materials (not including labor costs). Complaint, ¶5. Plaintiff also alleges that "the recall is defective and contains false representations, in that consumers are being routinely denied free replacement of defective decking." *Id.* ¶2. Plaintiff details the recall program procedures, including the allegation that the "process typically takes several months, during which time Class members are instructed not to use their decks given the risk of injury." *Id.* ¶24. Furthermore, "[u]nder the terms of the recall, consumers are not permitted to employ their own inspection firm, and there is no appeal process allowing aggrieved consumers an opportunity to challenge the findings of [Defendant's inspection

6

1 entity] BrightClaim, or Louisiana-Pacific's determination regarding the merits of a recall claim." *Id.*
2 ¶25. Considering the above allegations of the Complaint, and accepting them as true for purposes of
3 this Motion to Dismiss, the Court cannot conclude that the recall program instituted by Defendant
4 provides an "appropriate correction" to Plaintiff.

### 3. Claim Four (Breach of Implied Warranty)

Defendant asserts that Plaintiff fails to state a claim for breach of implied warranty because she does not allege that she purchased the decking material directly from LP and that, therefore, she has not pled facts that could support a finding of privity of contract. The Court agrees.

Under California law, as a general rule, an action for breach of implied warranty requires vertical privity of contract. *Arnold v. Dow Chemical Co.*, 91 Cal.App.4th 698, 720 (2001); *Fieldstone Co. v. Briggs Plumbing Prods., Inc.*, 54 Cal.App.4th 357, 371 (1997) ("[T]here is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale.") There are certain exceptions to this rule, such as when the plaintiff relies on written labels or advertisements of a manufacturer. *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir.2008) (citing *Burr v. Sherwin Williams Co*., 42 Cal.2d 682, 696 (1954)). There are other special exceptions, such as in cases involving foodstuffs, pesticides, and pharmaceuticals, and where the end user is an employee of the purchaser. *Id.*

Here, Plaintiff alleges that she purchased the decking materials "in or around February 2006 for approximately $2,500.00." Complaint ¶5. Plaintiff does not allege from whom she purchased the materials, nor does she allege any direct dealings with Defendant. She also fails to allege any facts that would support a finding of a contract with Defendant. Plaintiff fails to state a claim because she does not sufficiently allege that she is in privity with the seller.

Defendant argues that the dismissal should be with prejudice because amendment would be futile – Plaintiff cannot amend her Complaint to allege privity because Defendant has never sold its decking products directly to consumers. Defendant's Motion at 3. *See e.g., Wolph v. Acer America Corp*., 2009 WL 2969467 (N.D.Cal. September 14, 2009) (dismissing implied warranty claim with prejudice on grounds of lack of privity). The claim must be dismissed because Plaintiff has not pled

7

that she or other putative class members purchased the decking products directly from Defendant. Nor does it appear that Plaintiff has adequately pled one of the exceptions to the privity rule.[2]

In opposition to the Motion, Plaintiff argues that there is an exception to the privity requirement under California law. Citing *Atkinson v. Elk Corp. of Texas*, 142 Cal.App.4th 212 (2006), Plaintiff argues that privity is not required if a defendant provides an express warranty. In *Atkinson v. Elk Corp. of Texas*, the court concluded, under the circumstances of the case, that "the general rule that privity of contract is required should be relaxed" because the defendant advertised its product as containing an express written warranty and "[i]t would be inconsistent to recognize privity existing for breach of express quality warranties ... and to reach the opposite conclusion in the same transaction for breach of the implied warranty of merchantability." *Id.* at 229.

Plaintiff's reliance on *Atkinson* is unavailing. First, as several courts have noted, this language in *Atkinson* is dicta. *See e.g.*, *Hartless v. Clorox Co.*, 2007 WL 3245260, at *2 (S.D.Cal., November 2, 2007) (in *Atkinson*, the court "merely indicated in dicta that the privity requirement might be relaxed if the dismissed implied warranty claim were brought alongside a related express warranty claim."). Moreover, unlike the allegations in Plaintiff's Complaint, in *Atkinson* the plaintiff alleged that she had actually relied upon the warranty. *See Atkinson*, 142 Cal.App.4th at 217 ("Based on the written warranty he saw in the brochure, Atkinson instructed Pacific to use Elk Prestique I shingles to re-roof his home"); *see also Zabit v. Ferettie Group, USA*, 2006 WL 3020855, at *6 (N.D.Cal., October 23, 2006) (stating that the " Atkinson court's holding was based upon the fact that the manufacturer had issued a written warranty on the product in question ... and based upon the fact that the plaintiff relied on that warranty when he instructed his contractor to use the defendant's roofing shingles"). Although the Complaint here does contain an allegation that Defendant "warranted its composite decking materials with a ten (10) year transferable warranty," (complaint, ¶ 20), Plaintiff has not alleged that she or any putative class members relied on any

---

[2]For example, there is an exception to the privity requirement in express warranty cases where a plaintiff alleges that she relied on advertisements or where the defendant represented that the product comes with a warranty and plaintiff relied on that promise. *See e.g., Burr, supra.* At oral argument on Defendant's motion, counsel for Plaintiff stated that he does not intend to amend the Complaint to allege any such reliance on the part of Plaintiff or the class members here.

8

1  advertisements regarding that ten year warranty when deciding to purchase the decking. The Court
2  is not persuaded by Plaintiff's reliance upon *Atkinson*. Moreover, *Atkinson* appears to be an
3  anomaly in that it contravenes the well-established principle under California law that privity is
4  required in cases alleging breach of an implied warranty. *See Burr, supra* at 695; *Blanco v. Baxter*
5  *Healthcare Corp.*, 158 Cal.App.4th 1030, 1058-59 (2008). At oral argument, counsel conceded that
6  the Plaintiff could not amend to allege privity as required by the Court. Accordingly, Plaintiff's
7  breach of implied warranty claim is therefore DISMISSED WITH PREJUDICE.

### B. The Motion to Strike

#### 1. Legal Standard

Plaintiff moves to strike the Declaration of Frank Kennamer on grounds that it references matters outside of the Complaint. Under Rule 12(b)(6), if "matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. P. 12(b). However, under the "incorporation by reference" rule, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

#### 2. Analysis

Paragraph 23 of the Complaint references Defendant's recall website and states "Louisiana-Pacific's recall materials state that Louisiana-Pacific will 'replace at no charge' decks affected by premature deterioration. (http//www.deckingnotice.com/index.html)." Complaint, ¶ 23. Plaintiff argues that Defendant improperly suggests that the recall program has provided an appropriate remedy to Plaintiff, and that the declaration should therefore be stricken. The Court disagrees. The website is specifically referenced in Plaintiff's Complaint. Defendant's declaration merely authenticates the materials printed from that website. Plaintiff does not indicate that she disputes the authenticity of the documents submitted. Accordingly, the Court these are properly considered, and

the Court DENIES Plaintiff's Motion to Strike them. Similarly, the CLRA notice letter referenced in Plaintiff's Complaint may be properly considered by the Court without converting the Defendant's Motion to Dismiss into a motion for summary judgment under Rule 56. *See Branch v. Tunnell*, 14 F.3d 449 at 454.

On the other hand, the Court GRANTS Plaintiff's motion to strike Defense counsel's letter in response to the CLRA notification. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (holding that "[a]ffidavits and declarations. . . are not allowed as pleading exhibits unless they form the basis of the complaint"); *see also Erlich v. Glasner*, 374 F.2d 681 (9th Cir. 1967) (finding reversible error where a court took judicial notice of an affidavit outside of the pleadings without converting the motion to dismiss into a motion for summary judgment). Plaintiff's Complaint does not reference counsel's letter, attached as Exhibit 3 to the Kennamer declaration. This letter (and any statements in the Kennamer declaration regarding the letter[3]) may not be considered on a 12(b)(6) motion.

## IV. CONCLUSION

For the reasons state above, the Motion to Dismiss is GRANTED IN PART AND DENIED IN PART as follows: The Motion to Dismiss with prejudice the damages claim under Claim One ("CLRA") is DENIED as moot, and Plaintiff may amend within thirty (30) days to specifically seek damages under the CLRA. The Motion to Dismiss the Implied Warranty claim (Claim Four) is GRANTED. That claim is DISMISSED WITH PREJUDICE.

//

//

//

---

[3] Defendant argues that the declaration does not comment on any of the documents, but merely seeks to authenticate them. With respect to counsel's letter to Plaintiff, the Court disagrees. Paragraph 4 of the Kennamer Declaration states: "In response to Plaintiff's CLRA notice letter, I sent a letter by Certified U.S. Mail and by E-mail on July 31, 2009 to Mr. Joshua Ezrin, counsel for Plaintiff and the putative class. On behalf of LP, I offered to schedule a second inspection of Plaintiff's deck. I followed-up [sic] with a telephone message to Mr. Ezrin on August 5, 2009. To date, I have not received a response to LP's offer. A true and correct copy of my July 31, 2009 letter is attached as Exhibit 3." The Court cannot consider counsel's testimony regarding the recall or his own offers to have Plaintiff's deck inspected (as set forth in paragraph 4 of the Kennamer declaration) without converting the Defendant's 12(b)(6) Motion into a Motion pursuant to FRCP 56.

10

Defendant's motion to Strike is DENIED. Plaintiff's Motion to Strike is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

Dated: October 13, 2009

JOSEPH C. SPERO
United States Magistrate Judge