UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL POSTIER, et al., <br><br>       Plaintiffs, <br><br>     v. <br><br> LOUISIANA-PACIFIC CORP, <br><br>       Defendant. | Case No. 09-cv-03290-JCS <br><br> **ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> **Dkt. No. 138** |

## I.   INTRODUCTION

Before the Court is a Motion for Attorneys' Fees and Costs ("Motion") filed by Defendant Louisiana-Pacific Corporation ("LP") against parties-in-interest Boston Cedar, Inc., Cheapskate Charlie's, LLC, Cabinets to Go, Inc. and Cal Garland d/b/a Meadow River Lumber (hereafter, "the Michigan Plaintiffs").   LP seeks an award of fees and costs pursuant to an indemnification provision in a Settlement Agreement that has been entered in the above-captioned action.  The Court finds this Motion suitable for determination without oral argument and vacates the hearing scheduled for March 21, at 9:30 a.m.  *See* Civil L.R. 7-1(b).  For the reasons explained below, the Motion is DENIED WITHOUT PREJUDICE.

## II.   BACKGROUND[1]

The above-captioned lawsuit is a class action relating to allegedly defective decking and railing products.  The parties entered into a class action settlement (hereafter, "Settlement Agreement") whereby the class members agreed to release all "Settled Claims" arising out of the defective product.  *See* Dkt. No. 116-2 (Settlement Agreement).

---

[1] This Court's previous order provides a detailed overview of the factual background and procedural history in this matter.  *See* Dkt. No. 137.

On August 27, 2013, the Michigan Plaintiffs filed a lawsuit in the Circuit Court for the County of Wayne, State of Michigan alleging that they received an unsatisfactory settlement offer from LP.  LP removed the lawsuit to the United States District Court for the Eastern District of Michigan, and then moved to dismiss the case on the basis of this Court's exclusive jurisdiction over disputes arising out of the Settlement Agreement.  The presiding judge in the Eastern District of Michigan transferred the case to the Northern District of California, where it was assigned to Magistrate Judge Maria Elena James.  *See Cheapskate Charlie's LLC et al. v. Louisiana-Pacific Corp.*, No. 13-5888-MEJ (hereafter, "the *Cheapskate* action").  As of the time of the filing this order, the plaintiffs' Motion to Amend/Correct the Complaint remained pending before Judge James.  *See id.*, Dkt. No. 14.

Around the same time LP filed the motion to dismiss in the Eastern District of Michigan, LP filed a motion to enforce the Settlement Agreement in this case.  *See* Dkt. No. 129.  This Court held a hearing on the motion to enforce on January 17, 2014.  The Court granted the motion on grounds that the Michigan Plaintiffs were "Class Members" as defined by the Settlement, and had asserted only "Settled Claims" in the complaint filed in Michigan state court.  *See* Dkt. No. 137.

LP brings the instant Motion to recover fees and costs in the amount of $49,812.30 associated with the defense of the Settled Claims in the *Cheapskate* action.  The Michigan Plaintiffs oppose the Motion on the basis that the Settlement Agreement does not allow for an award of fees and costs until the *Cheapskate* action is dismissed or is decided in favor of LP.  The Michigan Plaintiffs further contend that LP failed to support its Motion with evidence establishing the reasonableness of hours or their requested hourly rates.

## III.    DISCUSSION

### A.    LP may seek an award of attorneys' fees and costs at this time.

LP moves for an award of attorneys' fees and costs pursuant to Article IV.E of the Settlement Agreement, which provides:

> If any Releasing Party brings an action or asserts a claim against LP contrary to the terms of this Release, the counsel of record for such Releasing Party shall be provided with a copy of this Settlement.  If such Releasing Party does not within thirty (30) days thereafter dismiss his or her action or claim and the *action or claim is*

United States District Court
Northern District of California

*subsequently dismissed or decided in favor of LP*, the Releasing
Party shall indemnify and hold harmless LP from any and all costs
and expenses, including reasonable attorneys' fees, incurred by LP
in the defense of the action or claim.

Settlement Agreement at 26 (Art. VI, § E) (emphasis added).

The Michigan Plaintiffs contend that LP's request is premature because the Article IV.E of the Settlement Agreement only authorizes an award of attorneys' fees and costs if the action is "dismissed or decided in favor of LP…." *Id.* The Michigan Plaintiffs contend that, because the *Cheapskate* action is still pending before Judge James, the case has not yet been "dismissed or decided in favor of LP," *id.*, and therefore, no award may be granted at this time.

The Michigan Plaintiffs are incorrect. Article IV.E authorizes an award of attorneys' fees and costs once "the action *or claim* is subsequently dismissed or decided in favor of LP." *Id.* (emphasis added). The language of Article IV.E separately contemplates the dismissal of an "action" and a "claim," and therefore, clearly allows LP to seek an award of fees and costs before the entire action is dismissed or decided in favor of LP.

The Michigan Plaintiffs contend that, if their Motion to Amend the Complaint is granted in the *Cheapskate* action, the previous complaint will be null and void and the case will proceed on the amended allegations. To the extent the Michigan Plaintiffs argue that this would deprive LP from a chance at seeking any award of fees and costs, they are incorrect. The claims asserted in the complaint filed in Michigan state court were decided in favor of LP by virtue of this Court's injunction. With this Court's ruling, LP could have also sought dismissal of the claims in the *Cheapskate* action. The fact the Michigan Plaintiffs now seek to amend their complaint does not enable them to circumvent the indemnification provision of the Settlement Agreement.

**B.    LP has not submitted evidence establishing the reasonableness of the hours expended and the requested hourly rates.**

Although LP is entitled to recover a reasonable award of attorneys' fees and costs pursuant to Article IV.E of the Settlement Agreement, LP has not met its burden to be awarded any particular amount of attorneys' fees. To determine a reasonable award of attorneys' fees, courts employ the "lodestar" figure, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d

United States District Court
Northern District of California

3

1196, 1202 (9th Cir. 2013) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

To determine the number of hours reasonably expended on the litigation, courts must consider whether "the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The party seeking fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzales*, 729 F.3d at 1202; *see also Hensley*, 461 U.S. at 437 ("the fee applicant bears the burden of … documenting the appropriate hours expended").

"Once the district court sets the compensable hours, it must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995) (internal quotations omitted). Courts "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id*. "Importantly, the fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests meet these standards." *Gonzalez*, 729 F.3d at 1206 (citations omitted).

The evidence submitted in support of the Motion for Attorneys' Fees and Costs is insufficient. The evidence merely provides a one-sentence summary of the tasks performed by each attorney who worked on the case and the hourly rate normally charged by that attorney. *See generally*, Declaration of James E. Weatherholtz. There are no billing records, which makes it impossible for the Court to determine whether the hours expended on the litigation were reasonable. Nor has LP made any attempt to present "satisfactory evidence" comparing the requested hourly rates to the prevailing rates of lawyers with similar skill, experience and reputation in the community. Accordingly, LP has not met its burden of establishing any particular award of reasonable attorneys' fees.

## IV.    CONCLUSION

For the foregoing reasons, the Motion for Attorneys' Fees and Costs is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: March 13, 2014

4

1

2
JOSEPH C. SPERO
United States Magistrate Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28